INMAN H. TRIPLETT, PLAINTIFF IN ERROR, V. CALVIN H. PARMLEE, DEFENDANT IN ERROR.

1. **Injunction by Mortgagee against Mortgagor.** A mortgagee can maintain an injunction against his mortgagor and a stranger, who are about to remove buildings from mortgaged premises, and thereby render the security scant or insufficient; and this, without regard to the responsibility or insolvency of the defendants, and for the reason that the mortgagee would be without remedy at law for such loss or depreciation of security.

2. **Removal by Mortgagor of Buildings on Mortgaged Premises:** PAYMENT OF MORTGAGE DEBT BY DEED: ACTION FOR WASTE DOES NOT LIE. While the mortgagor was in possession of mortgaged premises, the defendant removed buildings therefrom which materially depreciated the security, and rendered it scant and insufficient. Afterwards the mortgagee accepted from the mortgagor a deed of the premises in full payment of the mortgage debt, and sued the defendant for the value of the buildings removed. *Held*, That as long as the transaction between the mortgagee and mortgagor was allowed to stand as a full payment of the mortgage debt, as between them, it must be regarded as a payment as to strangers. And the mortgagee having been paid, can maintain no action against a stranger for waste of the mortgaged premises while in the legal possession of the mortgagor.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

*J. H. Grimm* and *M. B. C. True*, for plaintiff in error.

No appearance for defendant in error.

COBB, CH. J.

It will not be deemed necessary to take up any one of the twenty points which the plaintiff in error makes in his petition in error, as I think the case turns on a single proposition.

The plaintiff below, Parmlee, held a duly recorded mort-

gage on the farm of one Streeter. Streeter being in pos-
session of the farm, sold to the defendant certain buildings
situated thereon, which were removed therefrom by the de-
fendant. Afterwards, and without knowledge of the re-
moval of said buildings, the plaintiff accepted a deed of
the said farm from Streeter in full payment of the debt, to
secure which the mortgage was given. Now, can he main-
tain an action at law against the defendant for the value of
the buildings? The district court held that he could, and
rendered a judgment in his favor.

The cause was argued and submitted to this court by
counsel for plaintiff in error at the January term, but no
appearance has been made or brief furnished on behalf of
defendant in error.

The question is an important one, and one in the discus-
sion of which we should have the assistance of counsel on
the one side as well as on the other.

There can be no doubt that, had the plaintiff below
known of the intention of Streeter to sell the buildings
and of the defendant to remove them, before it was done,
he could have maintained a suit for an injunction against
them, provided the removal of the buildings from the land
would so reduce its value as to render it a scant or insuffi-
cient security for the mortgage debt, and this, although
Streeter might be shown to be personally responsible.
Keeping this in view, and at the same time bearing in
mind the great underlying principle that equity only inter-
feres in cases where the law furnishes no adequate remedy,
I see no escape from the conclusion that no action at law
can be maintained by the plaintiff either against Streeter
or the defendant for waste committed on the mortgaged
premises while in the legal possession of Streeter.

On the other hand, if the mortgage debt of the plaintiff
is to be considered as paid by the conveyance of the land
to him by Streeter; then surely the plaintiff has suffered no
wrong and is entitled to no remedy, and while it is true

that the plaintiff alleges in his petition and proved on the trial that the land without the buildings was of less value than the amount of the mortgage, yet he accepted the deed from Streeter as payment, and surrendered or canceled the note. And I think that as long as that transaction is allowed to stand as a full payment of the mortgage debt as between plaintiff and Streeter, it must be regarded as a payment as to strangers.

I am therefore of the opinion that the plaintiff's petition fails to state a cause of action, and that the verdict and judgment are unsupported by evidence.

The judgment of the district court is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.