## JOSEPH GARNEAU V. MOSES L. COHN.

FILED MARCH 20, 1901. NO. 9,322.

1. **Terms of Promissory Note Can Not Be Contradicted by Prior or Contemporaneous Parol Agreement.** The terms of a promissory note can not be contradicted, altered or varied by evidence of a prior or contemporaneous parol agreement between the payor and the payee.

2. **No Conflict, No Error for Court to Refuse to Submit to Jury.** Where there is no conflict in the evidence, it is not error for the court to refuse to submit the case to the jury.

ERROR from the district court for Douglas county. Tried below before FAWCETT, J. *Affirmed*.

*Charles Ogden* and *Joel W. West*, for plaintiff in error.

*James H. McIntosh, contra.*

NORVAL, C. J.

Moses L. Cohn was the state agent of the New York Life Insurance Company. He solicited and received the application of Joseph Garneau for a policy in said company. The policy was issued, and Garneau gave Cohn his promissory note for the premium, the latter having advanced the premium money to the company. The note was subsequently renewed by Garneau, he giving to Cohn another note, and this action is on said note given in renewal. Upon the trial, a verdict was returned for the plaintiff, under the direction of the court, and from the judgment entered thereon defendant has prosecuted error.

One of the matters pleaded as a defense was that at and prior to the time the original note was given there was a mutual parol agreement between the parties relative to the giving of the note, which it is claimed constituted a defense to the action. Defendant sought to introduce evidence to establish this parol agreement, which was excluded, and the defendant thereupon of-

fered to show that "at the time of the execution of the promissory note sued upon, and as a part of the same transaction, and as a consideration for the execution of it, that the plaintiff Cohn then and there agreed, promised and undertook with the defendant, the witness, that in consideration of the defendant, the witness, delivering to the plaintiff letters of introduction to prominent people with whom he was acquainted recommending and confirming the policy which was written in the New York Life Insurance Company, the plaintiff would be enabled to write a large amount of life insurance business out of which he would earn large commissions and be enabled to do such a profitable business as that the witness, the defendant, would never be required to pay any part of the promissory note in question and sued upon but that the percentage of the commissions which he had agreed to allow the defendant would be ample and sufficient to speedily pay the note in question in full, and that in no event should the defendant, the witness, ever be called upon to pay in money any part of the note sued upon." Objection to this tender of proof was sustained, which ruling is the first question presented on review. The ruling assailed was perfectly proper. It is the doctrine of this court, established by repeated decisions, that a written contract can not be varied or contradicted by a prior or contemporaneous parol agreement between the parties. *Kaserman v. Fries*, 33 Nebr., 427; *Van Etten v. Howell*, 40 Nebr., 850; *Mattison v. Chicago, R. I. & P. R. Co.*, 42 Nebr., 545; *Gerner v. Church*, 43 Nebr., 690; *Quinn v. Moss*, 45 Nebr., 614; *Commercial State Bank v. Antelope County*, 48 Nebr., 496; *Sylvester v. Carpenter Paper Co.*, 55 Nebr., 621. The original note stipulated for the payment by Garneau of a certain sum of money on a specified date, while the proffered evidence tended to establish that the defendant was never to pay this note. The evidence was properly excluded, as its tendency was to vary and contradict the terms of the note.

Another defense interposed was that the policy of in-

surance was never delivered to Garneau, and it is insisted that the trial court erred in not submitting that issue to the jury. The undisputed evidence disclosed that the policy was issued by the New York Life Insurance Company and sent to Cohn for delivery to the defendant. The former carried the policy to the office of the latter, and after exhibiting the same to Garneau, Cohn asked, and obtained, permission of defendant to take the policy with him to aid in procuring other insurance. Garneau examined the policy, and on turning it over to plaintiff received from him the following receipt:

"NEW YORK LIFE INSURANCE CO., 346 & 348 BROADWAY.
"OMAHA, NEB., Aug. 4, 1891.

"Received of Joseph F. Garneau, Jr., to be held by me in trust, policy No. 399,672 in the New York Life Insurance Company, insuring life of said Garneau for $25,000. Said policy dated April 18, 1891. It is understood that said policy is to be delivered to said Garneau at any time upon demand.    M. L. COHN, *General Agt.*"

This receipt was produced upon the trial by defendant. The evidence was ample to establish the fact of the delivery of the policy to Garneau, and there being no conflict in the evidence upon that question, it was not error to refuse to submit that issue to the consideration of the jury. The record is free from error, and the judgment is

AFFIRMED.