F. C. FAULKNER v. CYRUS P. GILBERT.*

FILED APRIL 10, 1901.  No. 11,775.

1. **Pleading: ANSWER: ADMISSION: REVIEW OF EVIDENCE.** Where the answer admits the execution of the contract sued on, it is prejudicial error to receive evidence on the trial tending to show that such contract did not exist at the time the answer admits defendant executed it, or for some years thereafter.

2. **Witness: TRUTH AND VERACITY: REPUTATION.** Evidence of the reputation of a witness for truth and veracity must relate to such reputation at the place of his residence at the time he testifies. Evidence of such reputation in a community several years after he has ceased to reside there is irrelevant.

3. **Written Contract: PAROL AGREEMENT: EVIDENCE EXCLUDED.** Evidence of a prior or contemporaneous parol agreement between the parties to a written contract which varies or contradicts the terms of the latter is inadmissible, the execution thereof being admitted.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. *Reversed.*

*S. L. Geisthardt,* for plaintiff in error.

*A. N. Sullivan, Byron Clark* and *C. A. Rawls, contra.*

NORVAL, C. J.

This case has been here before. *Faulkner v. Gilbert,* 57 Nebr., 544, wherein it was held that an instruction was erroneous, because it ignored the proposition that a consideration of a contract of guaranty need not move to the promisor, and that a disadvantage to the promisee is a sufficient consideration, although the promisor derives no benefit therefrom; and the court further pointed out that the extension of time to a principal debtor is a sufficient consideration to support a guaranty by a stranger of the payment of the new obligation. After being remanded, the case was again tried, resulting in a verdict and judgment adverse to plaintiff, who comes to this court therefrom on error. The answer in effect admitted

*Rehearing denied. See Vol. 62, p. 126.

that defendant executed the contract of guaranty. On trial, evidence was introduced tending to show that some years after this contract of guaranty was entered into, as admitted by the answer, no such guaranty appeared upon the note. This evidence could not be relevant, and was prejudicial, for in effect it submitted to the jury the question of whether a contract of guaranty had ever been entered into, when that fact was admitted by the answer. Hence, such evidence was both erroneous and prejudicial.

One of plaintiff's witnesses was one B. A. Gibson, who testified by deposition. The record shows that Gibson had been absent from Cass county, his place of residence at the time the contract was made, several years prior to the time of trial. Yet evidence was permitted on behalf of defendant tending to impeach his reputation for truth and veracity in that county. This court has held, and properly, that evidence of the general reputation of a witness for truth and veracity must have reference to such reputation at his present place of residence. Evidence as to reputation in a community in which he has not resided for several years is not revelant, for since removing from his former place of residence he may have reformed his life; and the law does not presume that a bad reputation will always subsist, but the contrary, in the absence of evidence tending to show the continuation thereof. *Sun Fire Office v. Ayerst*, 37 Nebr., 184; *Long v. State*, 23 Nebr., 33; *Marion v. State*, 20 Nebr., 233, 242. The admission of the evidence was erroneous, and prejudicial to plaintiff.

The court also erred in admitting evidence of defendant relative to transactions between himself and the promisee in the contract of guaranty which led up to said contract. The following question was asked him: "You may state what proposition he (being the agent of the promisee) made to you in any conversation about how you could be released from that indebtedness." The question referred to the indebtedness represented by the

contract guaranteed. To this plaintiff objected as incompetent and an attempt to contradict a written instrument by parol evidence. This objection was overruled, and the witness was permitted to testify that the payee told him before he executed the guaranty that if he would get the payor of the note to secure the note by a mortgage on a house and lot that he would release him, the guarantor, from liability on the debt, and that he procured such mortgage, but that the payee of the note then refused to release him, but insisted upon his signing the guaranty, which he then did. This evidence was incompetent, for the reason that it was an attempt, by parol evidence, to contradict and vary the terms of a written contract, and its admission · by the court was error. *Kaserman v. Fries*, 33 Nebr., 427; *Van Etten v. Howell*, 40 Nebr., 850; *Mattison v. Chicago, R. I. & P. R. Co.*, 42 Nebr., 545; *Gerner v. Church*, 43 Nebr., 690.

For these errors the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.