FIRST NATIONAL BANK OF TRENTON, APPELLANT, V. LINK L. BURNEY ET AL., APPELLEES.

FILED DECEMBER 14, 1911.    No. 16,569.

Evidence: NOTES: PAROL EVIDENCE. A promissory note or other contract in writing, in the absence of fraud or mistake, cannot be varied, qualified or contradicted by evidence of a prior or contemporaneous agreement resting in parol.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE. Reversed.

Perry, Lambe & Butler, H. W. Powell and F. M. Flansburg, for appellant.

C. W. Shurtleff, A. A. McCoy and W. S. Morlan, contra.

BARNES, J.

Action on a promissory note set forth in the plaintiff's amended petition, as follows: "Trenton, Nebraska, Aug. 6, 1908. No. 6,248. Demand after date, for value received, we jointly and severally promise to pay First Nat'l. Bank, Trenton, Neb., or order, twenty-one hundred forty-six and 80-100 dollars, $2,146.80 at the First

National Bank, Trenton, Nebraska, with interest at 10 per cent. per annum from maturity until paid. The makers and indorsers severally waive presentment for payment, protest, notice of protest and nonpayment, and consent that the time of payment may be extended from time to time without notice, and each hereby pledges his or her separate estate. (Signed)   L. L. Burney, W. S. Britton." On the back of the note was the following: "Paid Dec. 1, 1908, $932.08."

The defendants answered separately, each admitting the execution of the note, and set up affirmative matter as a defense, in substance as follows:   That at and prior to the date of the note in suit the defendant Burney was indebted to the plaintiff bank in the sum of about $1,000, which indebtedness was secured by chattel mortgages on horses, cattle and hogs owned and in possession of the defendant Burney, who was at that time engaged in the business of buying and selling stock; that a short time before the date of the execution of the note Burney went to the First National Bank and informed the officers that, owing to the dry weather, scarcity of feed, and low prices of live stock in that vicinity, he thought he ought to ship the stuff he then had; that he would like to ship to Clarinda, Iowa, where he believed he would find a good market; that at that time the defendant Burney did not have sufficient live stock on hand to make a two car shipment. The parties then figured the sum of money necessary to purchase the balance of a two car shipment, which, together with the amounts then owing by Burney to the bank, aggregated the sum of $2,146.80. After the note was drawn up and signed, the bank released the chattel mortgages on Burney's live stock, delivered up his old notes, and Burney then used the balance of the money represented by the note to pay for stock he had bought and not paid for, and to purchase enough additional stock to make up a two car shipment.

It was further alleged in the answer of the defendant Britton that there was a parol understanding that the

defendant Burney was to turn over to the plaintiff bank the proceeds of the sale of stock shipped to Clarinda, Iowa, and execute a new note for any balance due on the note in suit with chattel mortgage security, and that all liability upon the note in suit as to the defendant Britton was to then expire. It was also stated in Britton's answer that it was orally agreed between the plaintiff and this defendant and the said Link L. Burney, in order that the said Link L. Burney might secure cattle, horses and hogs sufficient to complete the making of two car loads, the plaintiff should furnish to the said Link L. Burney the sum of $——, and said last mentioned sum should be used by said Link L. Burney in purchasing cattle, horses and hogs, which should be put with the live stock he then had on hand, so that the same would make two car-loads, and said two car-loads should be shipped to Clarinda, Iowa, and there sold, and the money realized in the sale of the same should be applied to the indebtedness of the said Link L. Burney to the plaintiff; that defendant Britton signed said note merely to guarantee that the defendant Burney would account for and return to the plaintiff bank the proceeds of the Clarinda sale; and that, if the money realized therefrom should be paid by the said Link L. Burney to the plaintiff, Britton's liability on said note should be at an end. It also appears from the answer that the alleged verbal understanding was had prior to the execution of the note. The answer then states that relying upon the honesty of the said Link L. Burney as well as the plaintiff, and the representations and promises hereinbefore set forth, and for no other or different consideration, the defendant Britton signed said note; that the plaintiff, disregarding the agreement with this answering defendant, allowed the defendant Link L. Burney to speculate and squander a large portion of the proceeds of said sale.

The foregoing states the substance of the defense interposed by the defendant Britton. Upon the trial in

the district court for Hitchcock county the plaintiff had
a verdict and judgment against the defendant Burney,
but the verdict and judgment was against the plaintiff
and in favor of the defendant Britton. The plaintiff
has appealed.

One of the principal assignments of error upon which
the plaintiff relies for a reversal of the judgment as to
the defendant Britton is that the trial court, over the
objections of the plaintiff, allowed the defendants to
introduce evidence tending to show the parol agreement
set forth in Britton's answer. The ground of the
objection was that the terms of the written. instrument
itself could not be contradicted or varied by parol
evidence. A like question was before this court in *State
Bank of Ceresco v. Belk,* 56 Neb. 710. In that case the
defendant by his answer admitted the execution of the
note sued on, and pleaded as a defense a parol agree-
ment that, prior to the date of the note, one Thomas
Stretch had executed a note of a like amount to the
plaintiff, with the defendant as surety; that, when the
note became due, the defendant refused to sign a
renewal thereof, and that it was agreed by and between
the defendant and the plaintiff that the defendant should
execute the note sued on and deliver it to the plaintiff,
who was to hold it until he should secure other securities
upon the note of the said Stretch, and then the note in
suit should be returned to the defendant, and he should
not be held liable thereon. It was further alleged, in
substance, that thereafter the plaintiff did secure other
sureties upon said new note of said Stretch, being the
note referred to in the note sued on, and surrendered
the original note and took and accepted the new note of
said Stretch, with said sureties, by reason whereof and
by reason of said agreement it became the duty of the
plaintiff to return the note sued on to the defendant,
and the defendant was relieved of liability thereon, and
the same was fully paid, discharged and satisfied. On
the trial in the district court Belk was permitted to

introduce evidence which sustained the averments of his answer, and the question presented by the record was the correctness of the ruling of the court in admitting that testimony.    In consideration of the rule previously announced in *Hamilton v. Thrall,* 7 Neb. 210, *Van Etten v. Howell,* 40 Neb. 850, *Waddle v. Owen,* 43 Neb. 489, *Western Mfg. Co. v. Rogers,* 54 Neb. 456, and *Sylvester v. Carpenter Paper Co.,* 55 Neb. 621, it was held that, in the absence of fraud, mistake or an ambiguity in the writing, the contract constituted the best and only competent evidence, and the judgment of the district court was reversed.  The rule there announced has since been adhered to in *Faulkner v. Gilbert,* 61 Neb. 602; *Garneau v. Cohn,* 61 Neb. 500; *Harnett v. Holdrege,* 73 Neb. 570; *Vradenburg v. Johnson,* 3 Neb. (Unof.) 326; *Mallory v. Estate of Fitzgerald,* 69 Neb. 312; *Aultman, Miller & Co. v. Hawk,* 4 Neb. (Unof.) 582.  We are of opinion that the case at bar is within the rule announced in the cases above cited.

Counsel for the defendants have directed our attention to *Gifford v. Fox,* 2 Neb. (Unof.) 30, also the same case reported in *Fox v. Gifford,* 5 Neb. (Unof.) 502, and *Davis v. Sterns,* 85 Neb. 121.  In those cases it was held that, as between the original parties to a promissory note, parol evidence could be received to show the consideration therefor.  We think this has always been the rule, and it in no way conflicts with the principle announced in the cases which support this opinion. The other cases referred to by the defendants appear. to have been sufficiently distinguished in *State Bank of Ceresco v. Belk,* supra.

Finally, to maintain certainty, we deem it proper for us to adhere to the long-established and well-settled rule relating to commercial paper, and we are of opinion that the district court erred in receiving the evidence complained of.  Having reached this conclusion, the other assignments of error will not be considered.

For the foregoing reason, the judgment of the district

court is reversed and the cause is remanded for further proceedings.

REVERSED.