AMOS A. GALT ET AL., APPELLEES, v. CARSON HILDRETH, APPELLANT.

FILED DECEMBER 9, 1916.   No. 18938.

Opinion on motions for rehearing of case reported, *ante*, p. 15.   *Former judgment modified.*

PER CURIAM.

This is a hearing upon questions presented in motions for rehearing. The issues and the evidence are stated in the first opinion. *Galt v. Hildreth, ante,* p. 15. At the time plaintiffs purchased from defendant Hildreth a controlling interest in the Franklin State Bank, he guaranteed that, if the net profits of the bank for the year 1912 should not be $8,000, he would pay plaintiffs three-fifths of the difference between that sum and the net profits.

He also agreed that plaintiffs might select notes in the bank of the face value of $3,000, and that he would pay the same to the bank.

The Galts brought this action against Hildreth to recover three-fifths of the difference between the actual profits and the guaranteed profit. The bank was made a party defendant, and filed a cross-petition in which it sought to enforce against Hildreth his liability upon the note clause of the contract, and also sought to collect from him the amounts due on notes alleged to have been made, indorsed and guaranteed by him. The trial court found that there was due from Hildreth to plaintiffs upon the profit clause of the contract $1,607.78. This was affirmed by this court, and is adhered to, except that plaintiffs should have interest thereon at the rate of 7 per cent. per annum from January 1, 1913.

The remaining questions relate to the causes of action pleaded in the bank's cross-petition against Hildreth. The contract between plaintiffs and Hildreth provided that plaintiffs should have the right to select notes of the face value of $3,000, and Hildreth agreed to pay to the bank "the face value with accrued interest from November 10, 1911, to January 1, 1913, on said notes." Hildreth contends that the recovery allowed upon this clause of the contract is excessive. The evidence shows that March 12, 1912, Hildreth paid a note of $500. This would leave notes of the face value of $2,500 to be selected. In the settlement of the matters relating to the Curtis land, Hildreth gave his check for $502.50, and it was agreed that this should apply upon his liability under the note clause of the contract. The cross-petition of the bank alleges that there was due under the note clause the sum of $2,-301.17, and prayed judgment for such sum, "with interest thereon from January 1, 1913, at the rate of 7 per cent. per annum." The district court decreed that plaintiffs should select notes of the face value of $2,500, and that, in case Hildreth failed to pay the same within 40 days, the bank should have judgment against him for $2,500,

with interest thereon from November 10, 1911. This was error. The decree should have been for $2,301.17, with interest at 7 per cent. per annum from January 1, 1913.

It is also contended by the bank that the rule announced in the fifth paragraph of the syllabus in the former opinion is not applicable to the facts. It was held: "The defense successfully made by one of the signers and indorsers of a note, if not made on purely personal grounds, will bar a future action by the same plaintiff on the same obligation against another joint defendant." *Galt v. Hildreth, ante,* p. 15.

In its cross-petition the bank seeks to recover upon the so-called "brickyard" notes, known as the "Chaney" note and the "Gettle" note. Hildreth was one of three makers of the Chaney note and one of four indorsers of the Gettle note. In former actions brought by the bank against all the makers and indorsers, judgments for all the defendants, except Hildreth, who made no answer, were affirmed in this court. *Franklin State Bank v. Chaney,* 94 Neb. 1; *Franklin State Bank v. Gettle,* 96 Neb. 60. Hildreth filed no answer in those actions because he was representing the bank in the litigation and was to be its principal witness. His default was entered. After the judgments for the answering defendants were affirmed, the bank moved for judgment against Hildreth upon the default. Hildreth obtained leave of court to file an answer pleading the judgment in favor of his comakers and coindorsers as an adjudication in bar of the bank's claims. The second and third causes of action set forth in the bank's crosspetition in the present case are upon the notes involved in the two cases mentioned. Upon the trial of the present case it was stipulated that the original actions upon the brickyard notes should be consolidated with this case. The bank contends that the judgments in those actions are not conclusive of Hildreth's nonliability, because it does not appear that the judgments were founded upon a defense that was not personal to the prevailing defendants. One defense pleaded was that the notes were deliv-

ered to the bank merely to evidence its interest in the brickyard property, it having released its claim thereto, and that the notes were without consideration and were never intended to be enforced. The other defense was that, after the delivery of the notes, the makers and indorsers surrendered to the bank all claim to the brickyard property, and that the bank thereupon released them from any and all liability upon the notes. *Franklin State Bank v. Chaney,* 94 Neb. 1; *Franklin State Bank v. Gettle,* 96 Neb. 60.

Each of these defenses was a defense upon the merits, and was not a defense personal to the pleaders. If the first defense was established, there was never any liability upon the notes. If the notes were delivered merely to evidence the interest of the bank in the property and with the understanding that they were not to be enforced, there was no liability either on the part of Hildreth or the other makers and indorsers. If the plea of release was established, all the makers and indorsers were released. If the brickyard property was surrendered to the bank in consideration of the release of the defendants in the actions on the notes, it was a satisfaction and payment. The release of those makers and indorsers also released Hildreth. *Scofield v. Clark,* 48 Neb. 711; *Huber Mfg. Co. v. Silvers,* 85 Neb. 760.

It is also contended that Hildreth is estopped to plead his nonliability on the notes, because at the time the Galts purchased stock in the bank its records indicated that he was liable thereon, and that he so represented. The action upon the notes is brought by the bank. This is not an action by the Galts to recover for misrepresentation in the sale of the stock. Facts constituting an estoppel operating in favor of the bank were neither pleaded nor proved. It follows that the former adjudications released Hildreth from liability on the brickyard notes.

Except as herein modified. the judgment of affirmance is adhered to.

FORMER OPINION MODIFIED.