MARIE VYBIRAL, APPELLEE, V. ROBERT SCHILDHAUER, APPELLANT.

FILED FEBRUARY 14, 1936. No. 29455.

*Allen G. Fisher* and *Charles A. Fisher*, for appellant.

*Nichols & Johnson* and *Clifford L. Rein, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and RAPER and PROUDFIT, District Judges.

Raper, District Judge.

Plaintiff, Marie Vybiral, began this action to foreclose a mortgage dated March 13, 1926, which was duly executed by Robert Schildhauer and Grace Schildhauer and recorded, securing a note for $8,500, due on March 13, 1931. On March 23, 1931, an extension agreement and five interest coupons attached, for annual interest, were executed and delivered to plaintiff by the Schildhauers, which is in the ordinary form of such instrument, and extended payment of the mortgage debt for five years, interest at 6 per cent. payable annually, and the agreement to pay the principal sum and coupons being given in consideration of the extension of time for the payment of the original note and the mortgage. The mortgage and extension agreement contained an acceleration of maturity clause giving the mortgagee the option to declare the whole sum due in case of default in the payment of the interest. The mortgagors failed to pay the interest coupon due March 1, 1932, and on January 4, 1933, plaintiff began this action, and in her petition elected to declare the whole sum due.

This cause presents a very unusual procedure. The plaintiff's petition is in the usual form for foreclosure, and named Robert Schildhauer and Grace Schildhauer, the mortgagors, defendants, and also named some parties other than the mortgagors defendants, to remove a cloud on the title to the mortgaged premises. Service was had on those other defendants by publication, which is one of the grounds the defendant Robert Schildhauer, as will be later shown, claimed as damage in his cross-petition. In plaintiff's petition is incorporated an allegation that defendants Schildhauer were committing waste by removal of growing timber and that the premises would not satisfy the mortgage debt, and the petition prayed for foreclosure of the mortgage and injunction to prevent waste. The præcipe requested that the summons for Robert Schildhauer and Grace Schildhauer be indorsed "Foreclosure, restraining order, and equitable relief." Summons was issued January 4, 1933, with that indorsement and duly served on the

Schildhauers. On answer day Robert and Grace Schildhauer by special appearance moved to quash summons because it "has indorsed upon it 'foreclosure, restraining order, and equitable relief,' which is false and intended to mislead defendant unlawfully and an abuse of process," and further because said indorsement is a threat of extortion. Two affidavits were filed by plaintiff on April 11, 1933, in support of the allegation of waste. Defendants filed six affidavits on April 25 opposing plaintiff's prayer for injunction. The court overruled the special appearance April 28, 1933. The defendants Schildhauer filed an answer of ten pages, in which is renewed the motion to quash the summons, alleges that a mortgagor in possession is entitled to all the growing wood on the mortgaged premises, and attacks by way of argument a holding of the supreme court; alleges that plaintiff's action was prematurely brought, and denies all allegations of the petition which pertain to the foreclosure of the mortgage; admits the execution and recording of the mortgage; alleges that Grace Schildhauer was a married woman and had no separate estate and was not liable personally for the original debt. It may be here stated that the petition did not ask for deficiency against her. The answer set out a description and condition and value of the mortgaged property, and the manner in which certain timber land had been cleared so as to improve and increase the value of the ranch by providing more acreage for grazing, but containing a mass of irrelevant statements, some of which were on motion properly stricken. Defendants allege that they "canceled and satisfied * * * each of the covenants in the said mortgage by strict performance thereof, down to and including the execution, upon its due date, of the pleaded agreement of date March 23, 1932, and on March 1, 1933, and on March 1, 1934, and on March 1, 1935, and on March 1, 1936, and at no earlier dates. And these instruments were signed and delivered by Grace Schildhauer as joint maker and joint debtor, in consideration of the credit then extended to her, as owner of inchoate and homestead interest in fee thereof, and concerning

which separate estate she then contracted with the owner of these notes dated March 23, 1931, and which notes contain no acceleration clause."

On April 28, 1933, a hearing was had on application of plaintiff for restraining order, to prevent cutting of timber, and evidence was adduced by the parties, whereupon the court denied plaintiff's application at that time, with leave to reinstate the application during pendency if plaintiff desired.

The defendant Robert Schildhauer on May 23, 1933, filed a cross-petition alleging ownership of the premises, and improvements he had made, and the clearing of some of the wooded parts to improve the land by providing more tillable acreage and more grazing land and thereby enhancing its value; that in the fall of 1932 he made certain contracts with former customers for firewood to be taken from down and dead shrubbery and small saplings unfit for timber, to be cut out of the growth thereof; that plaintiff, by threatening that these customers could not be permitted to complete their contract or plaintiff would bring action for injunction against cross-petitioner, caused said customers to cease their preparations for said firewood. He alleges the execution and delivery of the note for $8,500 to plaintiff on March 13, 1926; that said note fell due on March 13, 1931, at which time an oral agreement was made between plaintiff and Robert and Grace Schildhauer, whereby plaintiff proposed to accept and did accept the five notes of crosspetitioner and Grace Schildhauer for the annual interest payable on the first day of March of the years 1932, 1933, 1934, 1935 and 1936, each for $510, and in consideration thereof plaintiff agreed that the payment of the principal sum of $8,500 should and shall be unconditionally extended until March 1, 1936, and no earlier date; that plaintiff intentionally violated said agreement and deprived crosspetitioner of the profits on the sales of wood, by filing her petition for foreclosure of the mortgage and alleging therein that cross-petitioner was committing waste by cutting and removing growing trees and praying for injunction to

restrain the removing or destroying growing trees, and that said acts of plaintiff were malicious. He claims damages in the sum of $1,850.

Trial was had on March 28, 1934. The court announced that plaintiff's action for foreclosure should be for the court, but the evidence could be introduced in presence of the jury, and at request of cross-petitioner a jury was called to try the issue on the cross-petition. At the close of a two-day trial the court directed a verdict for plaintiff on the cross-petition and found for plaintiff on her petition and entered decree of foreclosure of the mortgage. On the same day Grace Schildhauer filed request for nine months' stay. Robert Schildhauer moved for new trial, on the decree of foreclosure and on the court directing verdict on cross-petition. This motion was overruled September 21, 1934, and Robert Schildhauer appeals without supersedeas bond.

Appellant's claims for damage for abuse of process and for slander of title to land have no merit. An abuse of process is the employment of legal process for some unlawful object not the purpose which it is intended to effect. The supreme court of Illinois gives this definition: " 'Abuse of process' * * * means the perversion of it,—i.e., accomplishing some illegal object or purpose for which such process was not legally intended." *Dixon v. Smith-Wallace Shoe Co.*, 283 Ill. 234, 119 N. E. 265. In *Ludwick v. Penny,* 158 N. Car. 104, 73 S. E. 228 (cited in note to *Malone v. Belcher,* Ann. Cas. 1915A, 830) it is said: "Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process."

To make out a cause of action for abuse of process, the plaintiff must prove irregular steps taken under cover of the process after its issuance, and damage resulting therefrom. *Italian Star Line v. United States Shipping Board*

*Emergency Fleet Corporation,* 53 Fed. (2d) 359, 80 A. L. R. 576.

The facts upon which appellant bases his alleged cause of action are the allegation in the petition that defendants were cutting growing timber and prayer for injunction to stop defendants from removing growing timber, and having summons issued indorsed as hereinabove stated, and the publication of notice of action to quiet title on other defendants. There was no injunction issued, the court on a proper hearing having refused it. There was substantial evidence to support plaintiff's claim of waste. The court at the time he directed the verdict for plaintiff stated: "There certainly is not sufficient evidence to support a finding as to malice. Whether the defendant had a right to remove this timber is a matter which even legal minds in this room might very readily differ. It is a question of fact, depending upon the different circumstances there. Then there is no evidence from which the damages could be measured." The plaintiff was clearly within her legal rights in asking for the injunction to prevent waste. *Triplett v. Parmlee,* 16 Neb. 649, 21 N. W. 403; *Dixon v. Smith-Wallace Shoe Co.,* 283 Ill. 234, 119 N. E. 265. See, also, note in 48 A. L. R. 1156.

No indorsement on the summons was necessary. The indorsement that was made was proper and gives rise to no valid objection. It is needless to quote the evidence on appellant's cross-petition which occupies about 180 pages of the bill of exceptions, much of which, as the trial court stated, should have been excluded. The court's action in directing the verdict against the appellant is fully sustained by the pleadings and the evidence. There is no pleading or proof that appellant's title to the land was slandered.

The remaining question relates to appellant's plea that the foreclosure action was premature, and claim for damage because of appellee's breach of an oral agreement to extend date of maturity of the mortgage. The answer to plaintiff's petition does not allege that there was a verbal agreement to extend the maturity of the mortgage and extension agree-

ment, but in the cross-petition such agreement is pleaded. At the trial the appellant was asked as to such agreement, which was objected to and the court refused his testimony. He thereupon made the following offer of proof: "The defendant on the witness-stand offers to prove by his continued examination and the same offer is made relative to the proposed testimony of his wife, Mrs. Grace Schildhauer, that these notes were executed and delivered to the plaintiff pursuant to an oral and implied agreement for the extension, unqualifiedly, of the payment of a note for $8,500 therein described, which was not, by the terms of this agreement, to become due or collectible until March 1, 1936."

It will be noticed that the offer of proof does not state the facts which make the agreement, but says the notes were executed and delivered pursuant to an oral and implied agreement, which is a conclusion; and further there is no statement as to what part was oral and what part was implied, and does not state what consideration was given for such promise. The offer is insufficient to establish an oral agreement to vary the terms of the mortgage, the extension agreement and the coupon notes, even if such oral testimony was competent. However, the mortgage, the extension agreement and interest notes are complete and entire contracts, and as such they come within the rule which excludes oral testimony to change or vary their terms. No fraud is claimed. Parol evidence was not admissible to change or vary the terms of the mortgage, the extension agreement or the coupon notes. *Garneau v. Cohn*, 61 Neb. 500, 85 N. W. 531; *Faulkner v. Gilbert*, 61 Neb. 602, 85 N. W. 843; *First Nat. Bank v. Burney*, 90 Neb. 432, 133 N. W. 647.

Some other matters are discussed in the briefs which it is unnecessary to mention. The answer to plaintiff's petition and the cross-petition are exceedingly prolix and contain much extraneous and irrelevant matter which counsel should avoid in preparing pleadings.

The decree foreclosing plaintiff's mortgage and dismissing cross-petition of appellant is

AFFIRMED.