(No. 11520.—Reversed and remanded.)

FRANK C. DIXON, Plaintiff in Error, *vs.* THE SMITH-WALLACE SHOE COMPANY, Defendant in Error.

*Opinion filed April 17, 1918.*

1. APPEALS AND ERRORS—*when reversal by the Appellate Court without remanding cause is erroneous.* A reversal by the Appellate Court for error of law without remanding the cause is erroneous unless it further appears from the record that the error cannot be obviated upon another trial.

2. SAME—*when Appellate Court should either remand cause or make finding of facts.* Where the Appellate Court reverses a judgment for damages for malicious prosecution because the trial court, over proper objection, erroneously admitted secondary evidence of the proceedings and judgment in the suit complained of, the Appellate Court should either remand the cause to permit proper proof or should find the facts and recite them in its judgment.

3. MALICIOUS PROSECUTION—*what must appear to sustain action for malicious prosecution of an attachment.* To sustain an action for malicious prosecution it must appear that the former suit terminated in favor of the plaintiff, or, if the action was attachment without personal service on the debtor but upon notice by publication, it must appear that the judgment has been vacated, unless it further appears that the plaintiff had no opportunity to vacate the judgment before he lost his rights in the subject of the attachment.

4. ABUSE OF PROCESS—*what not necessary to sustain action for abuse of process.* To sustain an action for damages for abuse of process it is not necessary to allege and prove that the former action has terminated or that the judgment therein has been vacated, as an abuse of process exists where a party employs it for some unlawful object which it was not intended by the law to effect.

5. SAME—*what is not malicious abuse of process.* The mere institution of a civil suit and the taking of judgment in the same and allowing process to issue regularly, after judgment, in the usual and ordinary manner is not malicious abuse of process; nor is it malicious abuse of process in such case if an attachment is maliciously issued and levied upon lands and a judgment in attachment and order of sale obtained without reasonable or probable cause or without actual notice to the defendant.

6. PRACTICE—*what evidence is to be considered on a motion to direct a verdict.* On a motion to direct a verdict at the close of the plaintiff's evidence only the evidence introduced by the plain-

tiff is to be considered, but if, afterwards, the defendant himself offers evidence and again offers said motion, the question whether there is sufficient evidence to sustain the judgment is to be determined from all the evidence in the record.

7. ATTACHMENT—*rule where law of another State permits giving debtor notice by publication.* Where the laws of another State permit a plaintiff to sue his debtor in attachment and to obtain a judgment therein and an order of sale of the debtor's land without any notice to him other than by publication or notice to his tenant, the plaintiff, although both he and the defendant are residents of Illinois, is not bound to give the debtor actual notice of the pendency of such suit.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

BRADY, RUTLEDGE & DEVANEY, (ANDREW RUTLEDGE, of counsel,) for plaintiff in error.

BROTHERS & FAIRFIELD, (ELMER D. BROTHERS, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error (hereinafter called plaintiff) brought an action of trespass on the case against the defendant in error (hereinafter called defendant) in the circuit court of Cook county for wrongfully suing out a writ of attachment against the plaintiff in the circuit court of Henry county, Missouri, and securing a judgment in attachment by default against him and selling his farm in Henry county to satisfy the judgment. A jury trial was had and a verdict rendered for the plaintiff for $3000 and judgment was entered for said amount. On appeal to the Appellate Court for the First District the judgment was reversed and a judgment of *nil capiat* and for costs against the plaintiff was entered. The case has been brought to this court by writ of *certiorari*.

It appears from the record that the defendant is a corporation engaged in the wholesale shoe business in Chicago. Plaintiff lived at Austin, Illinois. January, 1909, the defendant hired the plaintiff as a traveling salesman under a contract which provided that he was to receive six per cent commission on all sales of leather goods and two and one-half per cent on sales of rubber goods. He entered upon his employment and traveled in certain territory assigned to him in Illinois and worked until the latter part of May taking orders for goods, on which sales certain amounts were due him for commissions. During this time certain sums were advanced him from time to time as expenses, the aggregate of which, as subsequently claimed by defendant, exceeded the commissions he had earned by $487.95. In May, 1909, he was called in off of the road and had a conversation with the president of the defendant relative to his taking new territory. The plaintiff's claim is that his contract of employment was then terminated, and that after a parley with the president, in which plaintiff made the claim that the defendant owed him something like $300 or $400 and the president claimed that plaintiff was indebted to the company, they adjusted and finally settled the matter by paying him $50 in settlement of the dispute, and that the attachment suit was maliciously prosecuted by the defendant against him, and his land, worth $6000 and subject to a mortgage of $1000, sold to satisfy an alleged debt that the defendant knew did not exist. The defendant's claim is that the $50 was an advance to the plaintiff to permit him to go to his farm in Missouri to recuperate, after which he was to travel in territory assigned to him in New Mexico and Arizona; that shortly after his interview plaintiff entered the employ of another shoe company, thereby violating his contract, and that he owed the defendant the amount aforesaid, for which judgment in attachment was taken in the circuit court of Henry county, Missouri, and the land sold to pay the same; that the land was only worth about

$1600 and that plaintiff had it mortgaged at that time for $1000, and that the defendant failed to realize enough out of the land, after selling the same, to pay the judgment and costs, which amounted to something over $500. Both parties introduced evidence to sustain their respective claims.

The cause was tried in the circuit court upon a declaration of one count, setting forth, in substance, the following facts: That the plaintiff is a good and honest citizen of this State, has at all times demeaned himself as such, has never been suspected of being guilty of any fraudulent practices, and has deservedly enjoyed the good opinion and credit of all his neighbors and of other worthy citizens of this State and elsewhere prior to the grievances herein mentioned; that the defendant, well knowing the premises but contriving and maliciously intending to injure him in his good name and credit aforesaid, as well as to impoverish, oppress and ruin him, on the second day of September, 1909, in the county of Henry and State of Missouri, falsely and maliciously charged him, without any reasonable or probable cause, with fraudulently contracting a debt, and maliciously instituted said suit in attachment and obtained judgment therein against him, and without any reasonable or probable cause wrongfully and unjustly caused a special execution to issue for the sale of his land, etc.; that by the statute of the State of Missouri the defendant, by reason of the plaintiff being a non-resident of that State, was able to secure service upon him by publication of a notice in a weekly newspaper printed in the city of Clinton, in the county of Henry, purporting to notify him of the pendency of such suit; that by reason of the fact that the statute of such State did not require said defendant to state the residence of the plaintiff, and with a preconceived intention of concealing knowledge of or notice to the plaintiff of the pendency of such attachment suit, the defendant willfully and fraudulently failed to notify the plaintiff of such attachment suit but obtained service upon him as aforesaid, and

that plaintiff did not at any time until after the determination of such proceedings have any notice or knowledge thereof; that said suit was instituted and maintained to recover an alleged indebtedness of $498.25, the defendant well knowing that the plaintiff was not indebted to it in any sum whatever; and that by means of the said attachment proceeding, and the levy and sale thereunder, plaintiff was deprived of his said land, to his damage in the sum of $10,000.

Evidence was offered by both parties in support of their claims or contentions. Much space is given by each party in the briefs and arguments to the question whether or not the plaintiff proved by competent evidence the existence of the judgment in the attachment suit or of the proceedings in said attachment suit in the Missouri circuit court. Plaintiff argues that he made such proof by secondary evidence, which was not objected to on the ground that it is not the best evidence. Defendant argues that it made the proper objection to said evidence as being secondary but that the court overruled its objection, and that therefore the judgment was properly reversed for want of competent evidence upon said proposition. On appeal the Appellate Court disposed of the case upon said proposition in the manner aforesaid and in the opinion used this language: "This declaration, in legal effect, purported to charge that defendant maliciously prosecuted to judgment a suit against plaintiff in the courts of the State of Missouri with malicious abuse of process in that suit. * * * In the conclusion to which we have come it is not necessary to advert to the merits or demerits of the cause. That conclusion rests in the failure of plaintiff to maintain by proof either count of his declaration. In the first place, he failed to prove by competent evidence the existence of the judgment or of the proceedings in the Missouri court. Neither did he make any proof, by competent evidence, of the laws of the State of Missouri governing or controlling such proceedings." The

Appellate Court then proceeded to hold that the trial court for said reason should have sustained defendant's motion, at the close of plaintiff's evidence, to instruct the jury to return a verdict in favor of the defendant, and it reversed the judgment without remanding and without any finding of facts.

The reversal of the judgment by the Appellate Court, as has been shown, was for error of law and without considering any other question raised upon the record except as above shown. A reversal of a judgment by the Appellate Court for error of law without remanding the cause is erroneous unless it further appears from the record that the error could not be obviated upon another trial. (*Devine* v. *Pfaelzer,* 277 Ill. 255; *Steidtmann* v. *Lay Co.* 234 id. 84.) The conclusion of the Appellate Court was made, apparently, without having examined closely the evidence introduced on behalf of the defendant. It appears from the record that this case has been tried twice, and that on the second trial, the record of which we are now reviewing, defendant introduced a bill of exceptions made up at the former trial showing a complete transcript of the entire record of the trial court in the circuit court of Missouri in said attachment proceeding, from the filing of the affidavit for attachment to the final report and order of sale of the land, including a certified copy of the judgment in said case and all the evidence heard on the trial of the cause, duly authenticated as required by law. The bill of exceptions, however, contained only the copy of said authenticated record, and the original authenticated copy of the record was not introduced. Strangely enough, the plaintiff objected to this evidence in the lower court on the ground that evidence found in such a bill of exceptions was not admissible without further proof of its correctness, etc. Plaintiff is still insisting in this court that this court should not consider the evidence in the bill of exceptions for the reason aforesaid, although such evidence, without objection, would be

a complete answer to the judgment of reversal by the Appellate Court if considered competent evidence. Under the holding of this court the rule in this State is that testimony contained in bills of exceptions of witnesses testifying on former trials, whether absent from the State or deceased, is not admissible without the testimony of someone showing that such testimony was the same as given by the witnesses on a former trial between the same parties, on proper objections thereto. (*Illinois Central Railroad Co.* v. *Ashline,* 171 Ill. 313.) Upon the same character of objection we would hold that a copy of such authenticated copy of the proceedings before the circuit court of Missouri merely found in a ·bill of exceptions could not be properly received in evidence. We cannot hold, however, upon the ·foregoing showing in the record, that .it appears that the error of law for which the Appellate Court reversed the judgment could not be obviated upon another trial. The record rather convinces us that the proof absent from the record, or not properly in the record, as held by the Appellate Court, can certainly be produced on another trial by the introduction either of the original transcript of' the record of the Missouri circuit court copied into said bill of exceptions or by the production of another duly authenticated copy of such record.

The trial court submitted this cause to the jury upon the theory that it was a question of fact, under the evidence, whether or not, first, defendant was guilty of a malicious prosecution; and second, whether or not it was guilty of an abuse of process to the, damage of the plaintiff. There was neither an allegation in the declaration nor proof that the judgment in attachment in the circuit court of Missouri had terminated in favor of' the plaintiff or that the judgment in attachment had been vacated, therefore the evidence in the record failed to prove that the defendant was guilty of malicious prosecution. The authorities in this country are universal that before a defendant may be convicted of

malicious prosecution it must appear that the suit terminated in favor of the plaintiff, or, if the judgment is in attachment without personal service on defendant in attachment but upon notice by publication, it must appear that the judgment had been vacated before a suit for malicious prosecution may be maintained, provided it does not further appear that the plaintiff had no opportunity to vacate the judgment before he lost his rights in the subject of the attachment. (*Rossiter* v. *Bradner-Smith Paper Co.* 37 Minn. 296; *Bonney* v. *King*, 201 Ill. 47; 10 L. R. A. 621, note after the case of *Antcliff* v. *June*.) There are a few cases in England, and some in this country, that apparently hold that a suit for malicious prosecution may be maintained if it appears that the judgment against the plaintiff on its face was absolutely void for want of jurisdiction. In this case there is no such a showing, and there is testimony in the record that plaintiff had ample opportunity to institute proceedings to set aside the judgment before the sale of his land but that he failed to do so, and instead of so doing appeared in the Missouri court before the day set for the sale of the land and filed a petition for a postponement of the sale for three days, with a statement in his petition to the effect that the sale of the land might be made at the end of said three days if he failed to get money to pay off the judgment by that time.

In a suit for an abuse of process it is not necessary to allege and prove that the action in which the process issued has terminated or that the judgment was vacated. A warrant valid on its face, issued in good faith upon a complaint sworn to by a party having a reasonable or probable cause for so doing, or an execution issued upon a valid judgment for a *bona fide* claim against a defendant, is no defense to an action for abuse of process, if there has been such abuse, after the issuing of the execution. This is so because an abuse of process exists where a party employs it for some unlawful object or purpose which it was not intended by

the law to effect. The "abuse of process" as used in such cases means the perversion of it,—*i. e.,* accomplishing some illegal object or purpose for which such process was not legally intended. (1 R. C. L. 102.) The mere institution of a civil suit and the taking of judgment in the same and allowing process to issue regularly for the collection of such debt, after judgment, in the usual and ordinary manner, is not a malicious abuse of process. (*Bonney* v. *King, supra.*) It would not be an abuse of process in such case if an attachment was maliciously issued and levied upon lands and a judgment in attachment and order of sale obtained without reasonable or probable cause and without actual notice to defendant. It is clear, therefore, that the plaintiff has neither alleged such a case in his declaration and has not proved such a one as entitles him to recover for a malicious abuse of process. The proof simply shows, according to the evidence of the defendant, that the attachment suit was regularly begun and prosecuted to a conclusion, and for the purpose, only, of collecting an amount justly due defendant, and that special execution issued regularly and in the ordinary way, under which the land was sold and the proceeds applied to the payment of the debt. The only difference in the claim of the two parties is that plaintiff claims that the defendant had no valid debt or claim against him, and that the defendant well knew it but maliciously prosecuted the same to judgment and then collected said judgment in the ordinary way that other judgments are collected, without perverting either of the writs by attempting to accomplish any illegal object or purpose. The judgment of the circuit court for such reason should have been reversed with a finding of facts by the Appellate Court, or should have been reversed and the cause remanded to give the plaintiff another opportunity to make out a case if he could do so. Where the Appellate Court erroneously reverses a judgment on a question of law without remanding the cause or considering the other errors assigned, the Supreme Court

will remand the cause to the Appellate Court, with directions to enter such a judgment as it may deem proper. (*Simpson Fruit Co.* v. *Atchison, Topeka and Santa Fe Railway Co.* 245 Ill. 596.) The reversal by the Appellate Court in this case was for the reason, as has already been shown, that the competent evidence in the record did not make out a case, although that court erred in reversing the judgment without remanding the cause for the particular reason it assigned in its opinion. When that part of the record is fully considered which the Appellate Court did not consider, we come to the same conclusion as did the Appellate Court,—*i. e.*, that the evidence in the record does not make out a case of recovery against the defendant and in favor of the plaintiff, for the reasons aforesaid. The conclusion in that regard reached by the Appellate Court was therefore substantially right, but that court should either have reversed the judgment with a finding of facts or have reversed the judgment and remanded the cause.

It may be further said that on a motion to direct a verdict at the close of the plaintiff's evidence of course only the evidence introduced by the plaintiff is to be considered, but if, after that, the defendant himself offers evidence and again offers said motion, the question whether there is sufficient evidence to sustain the judgment is to be determined from all the evidence in the record, as well that offered by the defendant as that offered by the plaintiff. Furthermore, if the laws of Missouri permit a plaintiff to sue his debtor in attachment and to obtain a judgment therein and an order of sale of the debtor's land without any notice to him other than publication in a newspaper, or notice to his tenant on the farm if the debtor is a non-resident of Missouri, the plaintiff in such case, although a resident of Illinois and the debtor also a resident of Illinois, is not bound, under the laws of Illinois, to give the debtor actual notice of the pendency of such suit.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to enter such judgment as it may deem proper.

*Reversed and remanded, with directions.*