THE S. WARD HAMILTON COMPANY, Defendant in Error, *vs.* THE CHANNELL CHEMICAL COMPANY, Plaintiff in Error.

*Opinion filed October 22, 1927—Rehearing denied Dec. 8, 1927.*

1. SALES—*when plaintiff must allege and prove excuse for non-performance.* Where the seller treats a repudiation by the buyer as putting an end to a contract for all purposes of performance and sues for the profits he would have realized if he had not been prevented from performing, the declaration must be framed specially on the contract for not accepting the goods or for refusing to complete the bargain, and the plaintiff must allege and prove performance on his part or a legal excuse for non-performance.

2. SAME—*when plaintiff cannot recover on declaration based on refusal to accept goods.* Where a seller's declaration is based on the defendant's refusal to accept and pay for the balance of certain goods to be manufactured and delivered, there can be no recovery where there is no proof that the balance of the goods were manufactured or tendered to the buyer and where the declaration makes no allegation of a legal excuse for the failure to tender the goods but alleges merely that the plaintiff "made up a large quantity" of the goods "and offered and was ready" to deliver them.

3. PLEADING—*a plaintiff can recover only on allegations in his declaration.* A plaintiff can recover only on the case made in his declaration and cannot make one case by his allegations and recover on a different case made by the proof, for if such were the case there would be no reason for a writ of error or motion in arrest on the ground of the insufficiency of the pleadings to support the judgment.

4. SAME—*when motion to find for defendant should be allowed.* Where the material allegations of the declaration are not proved in their entire scope and meaning a motion by the defendant to instruct for a finding in its favor should be allowed.

DEYOUNG, J., took no part.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

JOSEPH B. LAWLER, for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment entered in the circuit court of Cook county in favor of the S. Ward Hamilton Company and against the Channell Chemical Company. The record is before us as a return to a writ of *certiorari*.

October 3, 1919, plaintiff in error agreed to purchase from defendant in error 3,000,000 mop centers, and defendant in error agreed to manufacture and deliver the same within the time limit specified in the contract and at an agreed price. More than 2,000,000 of the mop centers were manufactured and delivered by defendant in error and plaintiff in error paid for them in full. By the contract plaintiff in error agreed to accept delivery of the entire 3,000,000 mop centers within eighteen months from the date of the first delivery, which was December 19, 1919. In July, 1921, when the contract by its terms should have been executed, there still remained nearly a million of the mop centers to be manufactured and delivered by defendant in error. Plaintiff in error notified defendant in error that it did not want any more of the mop centers and undertook to settle the claim of defendant in error and terminate the contract. The parties could not come to an agreement, so this action was brought in July, 1922.

After setting out the relation of the parties and the contract verbatim, the declaration concludes: "Plaintiff avers that in and by the terms of said contract the said defendant bargained and undertook to purchase one million five hundred thousand (1,500,000) small Triangular mop centers, seven hundred and fifty thousand (750,000) large Triangular mop centers and seven hundred and fifty thousand (750,000) Battleship centers, and agreed to pay, respectively, forty-six dollars and fifty cents ($46.50) per thou-

sand, fifty-one dollars and fifty cents ($51.50) per thousand and fifty-six dollars and fifty cents ($56.50) per thousand, and plaintiff promised to manufacture same and to deliver same to the defendant when made, and the defendant promised the plaintiff to accept of it the said mop centers when the same should be so made, and to pay the said price for the same on the delivery thereof as aforesaid. And plaintiff avers that thereafter the plaintiff delivered to the defendant two hundred sixty thousand eight hundred fifty-five (260,855) large Triangular mop centers, one million two hundred thirteen thousand one hundred eighty-four (1,213,184) small Triangular mop centers and six hundred fifteen thousand two hundred forty-four (615,244) Battle-ship centers, and thereafter the plaintiff, within the terms of the contract, did then and there make up a large quantity of mop centers and offered and was ready and willing to deliver to the said defendant the balance of the said mop centers as aforesaid, and requested the defendant to accept and pay for the same as aforesaid, yet the defendant did not, nor would then or at any other time, accept of the plaintiff the said mop centers or pay the price therefor, or any part thereof, but refuses so to do."

Where the seller treats a repudiation by the buyer as putting an end to the contract for all purposes of performance and sues for the profits he would have realized if he had not been prevented from performing, he must allege and prove performance on his part or a legal excuse for non-performance. (*Chicago Washed Coal Co.* v. *Whitsett,* 278 Ill. 623; *Lake Shore and Michigan Southern Railway Co.* v. *Richards,* 152 id. 59.) In these cases the declaration must be framed specially on the contract for not accepting the goods or for refusing to complete the bargain. (1 Chitty's Pl.—14th Am. from 6th Lond. ed. *347.) There can be no recovery on a declaration for not accepting goods where the proof shows that the goods were not manufactured or tendered to the buyer. In such a case the seller

must set up a legal excuse for his non-performance and show a refusal on the part of the buyer to complete the contract. It is a primary and elementary principle that a plaintiff can recover only on the case made in his declaration. He cannot make one case by his allegations and recover on a different case made by the proof. (*Feder* v. *Midland Casualty Co.* 316 Ill. 552; *Hagen* v. *Schleuter,* 236 id. 467; *Ebsery* v. *Chicago City Railway Co.* 164 id. 518; *Moss* v. *Johnson,* 22 id. 633.) If this were not the rule, a defendant called upon to answer for damages resulting from his refusal to accept goods tendered to him under his contract to purchase such goods might come unprepared to meet the charge were the plaintiff permitted to support it by proof of his readiness, willingness, ability and offer to perform and a repudiation of the contract by the defendant, which gave the plaintiff a legal excuse for non-performance. Moreover, were the plaintiff to recover on a declaration alleging refusal to accept goods tendered, it is difficult to see how, from the record, such a recovery would be an effective bar to another action for damages for refusal to complete the bargain. By the declaration in this case defendant in error does not claim to recover for the repudiation of an executory contract. Instead of alleging a legal excuse for non-performance of the contract on its part, it alleges specifically that it has performed the contract, that it had made up a large quantity of mop centers and was ready and willing and offered to deliver them to plaintiff in error, and that it requested plaintiff in error to accept and pay for the same, and that the damages to it resulted from the refusal of plaintiff in error to accept the mop centers tendered and pay the price agreed upon. None of these allegations of the declaration are proven. The evidence shows that all the mop centers manufactured and offered to plaintiff in error were accepted by it at the agreed price.

Defendant in error claims that there is at most a mere variance between the allegations of the declaration and the

proof, and that plaintiff in error cannot take advantage of this variance because it did not make the specific objection on the trial. If the premise were true the rule is correctly stated. (*Wabash Railroad Co.* v. *Billings,* 212 Ill. 37; *Chicago and Eastern Illinois Railroad Co.* v. *Jennings,* 190 id. 478; *Wabash Western Railway Co.* v. *Friedman,* 146 id. 583.) But there is more than a variance in this case—there is a failure of proof. Where the allegations of the declaration are unproved in their entire scope and meaning, a motion by the defendant to instruct for a finding in its favor should be allowed. (*Wise* v. *Chaney,* 1 Gilm. 562; *Wisconsin Central Railroad Co.* v. *Wieczorek,* 151 Ill. 579.) There is no rule of practice permitting a plaintiff to make one case by his declaration and another by his proof, nor could there be without subverting those principles upon which the science of pleading rests. Every motion in arrest or writ of error grounded on the insufficiency of the pleadings to support a judgment would fail under such a rule. The verity of records and the conclusiveness of judgments alike require that the facts determined should be those only within the issues joined. Defendant in error did not defectively state the cause of action which it proved so that the defects might be cured by a verdict. The cause proved is entirely different from the cause stated, and the judgment is therefore without support in the record.

There are many other questions presented by the assignment of errors, but the view we have taken of the case does not require a discussion of them.

The judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court of Cook county.    *Reversed and remanded.*

Mr. JUSTICE DEYOUNG took no part in this decision.