. · (No. 18742.—Reversed and remanded.)
BERTHA FREY, Plaintiff in Error, *vs.* THE CITY OF CHICAGO, Defendant in Error.

*Opinion filed June 23, 1928.*

1. INJURIES—*whether residence is correctly stated in notice of claim against city for personal injuries is a question of fact.* In an action against a city for personal injuries, whether or not the plaintiff's place of residence and the physician's address were as stated in the statutory notice given the city are controverted questions of fact, to determine which evidence is necessary.

2. SAME—*record of the trial court cannot be impeached by affidavits in Appellate Court.* In an action against a city for personal injuries, where the evidence tends to show that the plaintiff's place of residence was not at the place stated in her notice of claim against the city, the Appellate Court may properly refuse to consider affidavits of the plaintiff that she did not testify that her place of residence was as shown by the record and that there is no such address in the city as the record shows she testified to, as the record of the trial court cannot be impeached by such affidavits.

3. APPEALS AND ERRORS—*when Appellate Court should remand for a new trial.* Where the allegations of the declaration are unproved in their entire scope and meaning, the Appellate Court, upon a review of a judgment for personal injuries based on a jury's verdict for the plaintiff, should reverse the judgment and remand the cause to the circuit court for a new trial and should not reverse without remanding unless it appears· from the record that the error cannot be obviated upon a second trial.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

MORSE IVES, H. H. PATTERSON, and C. C. BODENSTAB, for plaintiff in error.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM D. SALTIEL, City Attorney, (E. MARSHALL AMBERG, and ROY S. GASKILL, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

The Appellate Court for the First District reversed, without remanding, a judgment entered in the circuit court of Cook county in favor of Bertha Frey, against the city of Chicago, for the sum of $12,000. The record is before us as a return to a writ of *certiorari.*

This is an action for damages for personal injuries suffered by plaintiff in error (hereinafter called plaintiff) by reason of a defective sidewalk in the city of Chicago. About five months after the accident, and before the commencement of the action, plaintiff by her attorneys gave a statutory notice to the city authorities regarding the accident, in which notice, among other things, she stated that she resided at 228 West 110th place, in Chicago, and gave the address of the physician who had treated her for her injuries as Dr. Harry H. Beil, 11431 South Michigan avenue, Chicago. The Appellate Court reversed the judgment without a finding of facts upon the ground, as stated in the opinion, that the proof failed to sustain the statement made in the notice concerning the residence of either plaintiff or her attending physician. Plaintiff testified that at the time of the trial and at the time of the accident she lived at 10920 Edgebrook avenue, and that on March 20, 1924, the date of the notice to the city, she lived with her son at 228 *East* 110th place. Dr. Beil testified to treating plaintiff several times at 228 West 110th place at times when, according to her testimony, the treatment occurred at her home, 228 East 110th place. Dr. Beil testified that he was licensed to practice under the laws of the State of Illinois and was connected with the Washington Park Hospital, the Pullman Hospital at Burnside, the St. Francis Hospital at Blue Island and the Roseland Community Hospital. He was not asked for his address on March 20, 1924, and did not testify to the same. At the time of the trial he was living at 10815 South Park avenue, Chicago.

330—41

Whether or not plaintiff's place of residence and the physician's address were as stated in the notice given to the city were controverted questions of fact, to determine which evidence was necessary. (*Chicago Title and Trust Co.* v. *Ward,* 319 Ill. 201; *Frank* v. *Hoskins Co.* 323 id. 46.) Where the allegations of the declaration are unproved in their entire scope and meaning, the Appellate Court, upon a review of a judgment based on a jury's verdict in favor of the plaintiff, should reverse the judgment and remand the cause to the circuit court for a new trial, (*Hamilton Co.* v. *Channell Chemical Co.* 327 Ill. 362,) unless it appears from the record that the error could not be obviated upon a second trial. (*Dixon* v. *Smith-Wallace Shoe Co.* 283 Ill. 234; *Devine* v. *Pfaelzer,* 277 id. 255; *Steidtmann* v. *Lay Co.* 234 id. 84.) In this case, in the Appellate Court plaintiff attempted to file affidavits showing that she did not testify to a residence at 228 East 110th place, but that she stated her place of residence was at 228 West 110th place, and that, in fact, there is not in the city of Chicago a 228 East 110th place. The Appellate Court properly refused to consider these affidavits, as the record of a trial court cannot be impeached by affidavit. In this case this court cannot pass upon controverted questions of fact, and from the record we cannot say, as a matter of law, that upon another trial plaintiff may not obviate the errors in the present record and make such proof as would entitle her to recover.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to remand the cause to the circuit court for a new trial.

*Reversed and remanded, with directions.*