Lowenstern Bros., Inc., Appellee, v. Marks Credit
Clothing, Inc., Appellant.

Gen. No. 42,372.

Opinion filed May 5, 1943.

DAVID SOSSON, of Chicago, for appellant; EDWARD
LEVETT, of Chicago, of counsel.

CHARLES S. HIRSCH, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the
court.

This is an action at law in a first class municipal
court case which was instituted by Lowenstern
Brothers, Incorporated, as plaintiff against Marks
Credit Clothing, Incorporated, as defendant, for
breach of contract. The court at the request of plain-

tiff entered a summary judgment in favor of the plaintiff and against the defendant in the sum of $822.30 and no costs, and this is an appeal by the defendant from that judgment.

From the facts it appears that on March 21, 1941 the defendant in writing contracted with the plaintiff for the sale to the defendant of 250 58-piece baby layette sets at $7.50 each set. The plaintiff delivered to the defendant 147 70-piece baby layette sets not provided for in defendant's order, as suggested by the defendant, and upon defendant's refusal to consider these sets as performance of the contract, plaintiff on its motion and without trial obtained a judgment in the sum of $937.50 which judgment defendant satisfied.

The case proceeded as to undelivered sets and the defendant in its fourth amended defense, which substantially repeated the matter contained in four prior defense pleadings (all of which were stricken on as many of plaintiff's motions, which motions were substantially the same as plaintiff's motion of January 8, 1942), denied that plaintiff had performed the contract, and averred that plaintiff had never tendered the sets ordered by the defendant.

Plaintiff in its reply to defendant's fourth amended defense alleged that it tendered delivery of 105 sets, the balance of the order (providing for 58-piece sets), identified in its exhibit 1, in contradiction of its later motion for summary judgment and affidavits in support of same, wherein plaintiff showed delivery of 147 70-piece sets and tender of a balance of 105 70-piece sets.

Thereafter, defendant's motion to strike plaintiff's motion for summary judgment and affidavits was denied and the court on plaintiff's motion for summary judgment and affidavits (without permitting the defendant a trial by jury on its fourth amended defense, and on the matters contained in its answer to plaintiff's motion for summary judgment and affidavits)

awarded a further judgment to the plaintiff and against the defendant in the sum of $822.30 on the contract for the undelivered sets, from the entry of which order and judgment the defendant has perfected this appeal.

The defendant contends that its motion to strike was a proper method to test the sufficiency of plaintiff's affidavits in support of the motion for summary judgment, and suggests that the court in denying the defendant's motion to strike plaintiff's motion for summary judgment and affidavits in support of same indicated no reason or cause therefor, and cites in support of this contention the case of *People v. Sanculius*, 284 Ill. App. 463, where the court said:

"It is our opinion that appellant's motion to strike the defendant's affidavits for summary judgment from the files was the proper procedure to test the sufficiency of this affidavit."

However, the defendant contends that the discussion of this point in our opinion is unnecessary.

It is further contended by the defendant that at law and in equity the pleadings and proof must correspond, and plaintiff cannot recover where a variance exists, and it is suggested and called to our attention that the plaintiff alleges: "That upon, to-wit, March 21, 1941, the defendant purchased of and from the plaintiff 250 baby layette sets at the agreed price of $7.50 each, said contract of sale having been evidenced by a memorandum of said contract in writing signed by said defendant; that an exact copy of said memorandum has been attached hereto and has been labeled 'Exhibit 1.' " And defendant further suggests that the "Exhibit 1" clearly evidences the fact that the defendant ordered 250 58-piece baby layette sets, and that the fact that a particular set consisting of 58 pieces, and such a set only, was the subject matter of the contract is further borne out by plaintiff

in the affidavit of Harry Edelman: " . . . Milton Lowenstern called at 6409 South Halsted Street, Chicago, Illinois, and exhibited to the said Abe Weinstein a sample baby layette set and a choice of several styles of boxes; that the said Weinstein selected a baby layette set consisting of 58 pieces as the one which the defendant would purchase; that thereupon the said Abe Weinstein stated that he would write up an order for 250 baby layette sets . . . ."

It is further suggested by the defendant that nowhere in its pleadings does plaintiff deny that defendant's order provided for a certain 58-piece set; further, plaintiff in the affidavit of Frank Chalupa admitted: "That upon April 18, 1941, and April 19, 1941, affiant, together with one Jack Glass, who was in the employ of plaintiff, packed 252 baby layette boxes; that each of said boxes was packed with 70 individual pieces or items of infant's apparel and accessories thereby assembling and packing one complete baby layette set in each of the said 252 boxes; that in assembling and packing said boxes, affiant used the list marked 'Exhibit 2' in selecting the individual pieces to be included in each set; that upon April 18, 1941, and April 19, 1941, the said boxes containing said layette sets and which had theretofore been packed, except those sets which were then or theretofore shipped to defendant, were then stacked in piles in the store room at 305 West Adams Street, Chicago, Illinois, and that said baby layette sets and boxes were then and thereafter the only complete baby layette sets in the store and storage rooms of the plaintiff."

The defendant cites in support of the suggestions that were offered by it the case of *Feder v. Midland Casualty Co.*, 316 Ill. 552, in which the plaintiff was a beneficiary under a policy of insurance. In her declaration among other things, there was an allegation that notice was given to the insurance company of the death of the assured. The plaintiff in her proof

showed that the notice was orally given to the defendant insurance company, whereas the policy of insurance provided that written notice of injury must be given to the insurance company. The court in that case said:

"The object of a declaration in an action at law is to state the facts constituting the plaintiff's cause of action upon which he relies to recover, so as to enable the defendant to prepare his defense and meet the facts alleged with appropriate evidence. In order to recover the plaintiff must prove the case alleged in his declaration. It is a primary and elementary principle that a plaintiff can recover only on the case made in his declaration. He cannot make one case by his allegation and recover on a different case made by the proof."

Defendant also cites the case of *Ward Hamilton Co. v. Channel Chemical Co.*, 327 Ill. 362, upon questions that may be of material interest herein. The court in that case said:

"There is more than a variance in this case—there is a failure of proof. Where the allegations of the declaration are unproved in their entire scope and meaning, a motion by the defendant to instruct for a finding in its favor should be allowed. There is no rule of practice permitting a plaintiff to make one case by his declaration and another by his proof."

It is then argued by the defendant that it is, therefore, conclusive that the certain 58-piece layette set provided for by defendant's order, and which is the subject matter of the contract between the parties, was never delivered or tendered, but plaintiff offered evidence of a different set entirely not only in the number of pieces, but also in character, since it was alleged to have been selected from a different sample.

The plaintiff, in answer to the suggestions that were offered by the defendant, states that the defendant's statement of facts was not accurate and complete, and

calls to our attention that on March 21, 1941 the defendant by Abe Weinstein, its agent, gave plaintiff a written order for 250 58-piece layette sets at the agreed price of $7.50 per set. Abe Weinstein was the duly authorized agent for the defendant and his authority to act for the defendant has never been denied.

It further appears from the facts suggested by the plaintiff that on March 24, 1941 the defendant requested the plaintiff to submit to it a set containing additional pieces, as appears in the affidavit of Edelman and the affidavit of Lowenstern.

On April 7 the defendant is alleged to have approved the composition of the set consisting of 70 pieces, and ordered a photograph taken thereof; and that on April 17, 1941 the defendant ordered the plaintiff to ship a part of the order to its various stores and to hold the balance subject to its order; that 147 sets were shipped upon defendant's directions and accepted by it; that the defendant advertised the sale of the 70-piece set on April 20, 1941; that no directions were given by the defendant where the remaining sets were to be shipped notwithstanding plaintiff's repeated requests for shipping instructions. It is also stated that the goods were and are in the plaintiff's warehouse available for delivery to the defendant.

Plaintiff avers that all of the foregoing facts were admitted by the defendant's motion to strike the affidavits of the plaintiff.

It is alleged by plaintiff that it continually requested payment of its invoices but payment was refused; that defendant promised in writing to pay for the merchandise received by it; that in addition thereto the defendant stated in a letter to the plaintiff that, "I have contacted some very close friends of mine in this business to take the rest of the goods off our hands."

The defendant failed to pay for any part of the merchandise, and suit was instituted for the entire

purchase price on June 19, 1941. Five affidavits of defense were filed by defendant. Each affidavit of defense denied liability both for the merchandise received and accepted and for the merchandise refused. On January 12, 1942 judgment was entered against the defendant for $937.50, being the purchase price of the 147 sets less $200 credit for advertising.

Again on March 27, 1942 the plaintiff made an application for summary judgment for the balance due and filed four affidavits and eight exhibits in support thereof. Upon the hearing on the application for a summary judgment upon the affidavits of plaintiff, the answer of defendant and motion of defendant to strike portions of plaintiff's affidavits, on April 30, 1942 the court entered judgment for the plaintiff for $822.30, being the balance due for merchandise refused by the defendant.

The plaintiff, in reply to the defendant's suggestion that a variance existed between the plaintiff's statement of claim and affidavits for summary judgment, states that the variance asserted is the charge that plaintiff by its affidavits established the fact to be that it tendered a 70-piece set in lieu of a 58-piece set as called for under defendant's order of March 21, 1941; that this variance is not fatal and can in no wise affect the right of the plaintiff to recover; and that the defendant, not only by its motion to strike plaintiff's affidavits, but also, by positive acts on its part confirmed the modification.

It is suggested by plaintiff that the theory of fatal variance has been limited in its application to cases where certain legally essential elements have been operative, and that the doctrine of material variance is predicated (a) upon the theory that the defendant was surprised and therefore was unable to prepare itself to meet the evidence presented by the plaintiff in support of an entirely new cause of action which was not contained in the pleadings; or, (b) upon the theory

that the judgment would not constitute a bar to a subsequent action upon the same controversy, and that (c) in either event, it is essential that the variance complained of must be both material and substantial.

Further plaintiff suggests that none of these theories are valid contentions in the case at bar; that the defendant was not surprised; that an adjudication upon the issues framed herein is a complete bar to any subsequent action by either party concerning the controversy, and that the variance is neither substantial nor material.

The affidavits for summary judgment were filed by plaintiff March 27, 1942. The defendant answered portions thereof and moved to strike portions thereof on April 20, 1942; and plaintiff suggests that the defendant would not be warranted in asserting the element of surprise after it had this interval within which to prepare its counter affidavits under rules 72 and 73 of the municipal court, in force July 1, 1940, or to take such other proceedings as may be provided by law to present an issue as to the alleged variance, citing the case of *Gliwa v. Washington Polish Loan & Building Ass'n,* 310 Ill. App. 465 (477).

It is suggested that in an application for summary judgment the court may consider the entire record before it, including all affidavits, exhibits, pleadings and defenses filed, citing the case of *Gliwa v. Washington Polish Loan & Building Ass'n,* 310 Ill. App. 465 (471), and stating that it was obvious to the court from the entire record before it, in view of the letters written by the defendant on May 24, 1941 and on May 27, 1941, that the defendant had refused to pay its just debt to the plaintiff for the merchandise accepted and used by it, and that its purported defense to the claim for unaccepted merchandise was merely a subterfuge to avoid payment of its just indebtedness.

By the defendant's motion to strike certain portions of plaintiff's affidavits for summary judgment, the de-

fendant admitted the material facts stated in the affidavits. Assuming that the motion filed by the defendant was a proper procedure, the defendant must therefore take the legal consequences of its motion. It is fundamental in the law of pleading that a demurrer, or the present motion to strike, admits all of the allegations of fact contained in the pleading to which the motion to strike is directed. *Wainscott v. Penikoff*, 287 Ill. App. 78; *Gliwa v. Washington Polish Loan & Building Ass'n*, 310 Ill. App. 465; *Anderson v. Pettigrew Foundry Co.*, 297 Ill. App. 14; *Roberts v. Sauerman Bros., Inc.*, 300 Ill. App. 213; *Boyd v. Aetna Life Ins. Co.*, 310 Ill. App. 547; *Toledo, P. & W. R. v. Brown*, 375 Ill. 438. In the Glass affidavit it is stated that the merchandise not delivered was placed in the plaintiff's warehouse, which substantiates Chalupa's affidavit with respect to the preparation of the 252 sets. These facts are also admitted by the defendant's motion, and there seems to be no question but what the written order of the defendant could be modified by the subsequent oral agreement between the parties. *Selman v. Geary*, 334 Ill. 642; *National Importing & Trading Co., Inc. v. E. A. Bear & Co.*, 324 Ill. 346; Williston on Contracts, Rev. Ed., Vol. II, sec. 591.

The fundamental facts alleged by the plaintiff with respect to the agreement to increase the number of units in the layette sets cannot and have not been denied by the defendant; moreover, the acts and the conduct of the defendant are an admission of the facts as charged by the plaintiff. It is obvious that the defendant would not have requested a list of the pieces and advertised a 70-piece layette set for sale if it had not favored and indorsed the modification. Of course there can be no question that evidence of modification after the execution of the contract is admissible testimony.

It does not appear, from anything that the defendant has cited as authority, why the conversation of

the parties as to the subsequent modification of the contract was not admissible as evidence.

The introduction contained in the affidavits of Edelman and of Lowenstern does not vary the terms of the contract between the parties. They are intended to comply with rules 72 and 73 of the municipal court, which require that the facts for a summary judgment be set forth with particularity. The facts leading up to the preparation of the original order are not decisive of this cause, and could be treated as a mere surplusage without affecting the rights of the parties, and their only office is to afford a complete history of the transactions between the parties.

The facts alleged by the plaintiff were directed solely to pleading the issues in the case at bar. The defendant wilfully refused to meet these facts by a firm or definite denial or by the presentation of a good and legal excuse why it is not liable. The defendant's affidavit was evasive and frivolous and failed to disclose any meritorious defense to the action.

On the facts as they appear in this record the plaintiff is entitled to recover the purchase price of the merchandise available for delivery. The defendant having paid the judgment entered against it on January 8, 1942, for the purchase price of 147 layette sets received by it, the only controversy remaining for determination is the propriety of the judgment rendered against the defendant for the purchase price of the balance of the goods sold, being 105 layette sets.

After the modification of the number of pieces constituting the individual layette sets had been consented to by the parties, the plaintiff assembled and packed in boxes 252 layette sets according to the list and sample submitted to defendant. These sets had been completely assembled and packed by April 19, 1941, and were placed in the storeroom of plaintiff awaiting shipping instructions from defendant. It appears that tenders and offers were made to deliver to the defend-

ant the remaining 105 sets, from April 24, 1941, to May 15, 1941; that defendant repeatedly promised to send plaintiff distribution lists for the balance of its order or promised further delivery instructions when the defendant's stores had made known their needs. The Edelman affidavit avers that plaintiff on April 17, 1941, requested delivery instructions for all of the merchandise ordered by the defendant. On April 21, 1941, the defendant promised to instruct the plaintiff as to the places to deliver the balance of the sets, and requested that plaintiff should hold the sets until the defendant gave notice to plaintiff where to ship them. On April 23, 1941, and during the period from April 26, 1941, to May 15, 1941, the plaintiff repeatedly sought further shipping orders but defendant replied that it would advise Edelman later as to the places to ship the remainder of the order.

From the facts it appears that defendant failed to deny any of the allegations made by the plaintiff that the 105 layette sets were packed, ready and awaiting shipment to defendant, and that the merchandise was available for delivery and had been appropriated to the contract; nor does defendant deny the fact that the merchandise was tendered to it on numerous occasions.

It appears too, that in defendant's letter of May 27, 1941, defendant agreed to pay for goods delivered to it and to dispose of the undelivered balance, and by its letter of May 24, 1941, in response to plaintiff's invoices, admitted its knowledge that the balance of the sets were available for delivery to it. The seller had the goods ready for delivery and offers of delivery had been made, which was a sufficient tender.

The defendant has insisted throughout its pleadings and affidavits that it was entitled to a $200 allowance for advertising, although at the same time defendant has constantly tried to discard any obligation to pay for the 70-piece layette sets. The defendant has thereby elected to treat the contract, as modified, in

force and effect in so far as concerns any advantage which it may derive therefrom, yet the defendant claims the contract was breached by the plaintiff and therefore the obligation of the defendant is at an end.

On the question as to the advertising allowance, plaintiff's answer to this contention is that the entire amount requested of the plaintiff was allowed, and a computation of the account in this respect is as follows:

```
147 sets delivered at $7.50 per set....... $1102.50
Allowed for advertising................   200.00
                              Balance...  $902.50
Interest from Apr. 21 to Jan. 8, 1942
    at 5% ...........................    35.00
Judgment rendered Jan. 8, 1942.......   $937.50
```

No issue or complaint has been made by the defendant against the allowance of interest, and interest was properly allowed. (Ill. Rev. Stat., ch. 74, sec. 2 [Jones Ill. Stats. Ann. 67.02]).

The summary judgment entered in the sum of $822.30 is computed as follows:

```
105 sets at $7.50 per set............... $787.50
Interest from Apr. 21, 1941 to
    Apr. 30, 1942........................   34.80
                              Total......... $822.30
```

For the reasons above indicated, the judgment entered by the municipal court is affirmed.

*Judgment affirmed.*

BURKE, P. J., and KILEY, J., concur.