Jerome J. Lyons, Appellant, v. Chicago Transit Authority, Appellee.

Gen. No. 45,896.

Opinion filed February 10, 1953. Rehearing denied February 26, 1953. Released for publication March 24, 1953.

JAMES F. LYONS, of Chicago, for appellant.

THOMAS C. STRACHAN, JR., JAMES O. DWIGHT, ARTHUR J. DONOVAN, and DONALD J. O'BRIEN, all of Chicago, for appellee; JAMES E. HASTINGS, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff sued defendant for personal injuries which allegedly occurred on February 8, 1951 when his automobile was struck from the rear by defendant's bus at Central and North avenues in the City of Chicago, Illinois. Defendant, answering, denied the allegations of negligence, and denied that proper notice of the accident was served as required by par. 341, chap. 111⅔, Illinois Revised Statutes 1947 [Jones Ill. Stats. Ann. 21.2064 (42)]. Plaintiff moved to strike the portions of the answer challenging the sufficiency of the notice, and after a hearing on this question the trial court entered an order to the effect that the notice was insufficient as to form and service and dismissed the cause of action. Appeal is taken from this order.

The section of the statute considered provides substantially that no action shall be commenced against the Chicago Transit Authority unless within six months from the date of the claimed injury the person who is about to commence a civil action therefor shall file "in the office of the secretary of the Board and also in the office of the General Attorney for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any."

The only testimony on the question of service of notice was given by plaintiff. He testified that within six months after the accident, June 22, 1951, he called at the office of Dr. J. J. Callahan, the attending physician, at Cicero and Fullerton avenues, and received

439

from him two signed copies of letters addressed to the Chicago Transit Authority. A copy of this letter introduced in evidence is as follows:

"June 22, 1951.

"Chicago Transit Authority
600 Washington Boulevard
Chicago, Illinois.

"Re: Mr. Jerome Lyons, 5429 Kamerling Avenue.

"Gentlemen:

"The patient in the above case came under my care February 8, 1951 for injuries sustained in accident involving one of your busses. He stated while stopped in his car for a stop light at the intersection of Central and North Avenue, on the above date at about 7:40 A.M. a Chicago Transit Authority bus struck his car from the rear causing him to injure his neck.

"Examination revealed a moderate sprain of the neck with soreness of the posterior cervical muscles.

"X-rays of the cervical spine were negative for bony pathology. Appropriate treatment was instituted, and he was discharged April 2, 1951, as needing no further medical care.

"Yours very truly,
"James J. Callahan, M. D."

Three days later, on June 25, 1951, plaintiff's attorney addressed a letter to defendant enclosing a bill of Dr. Callahan for professional services rendered plaintiff. The doctor's bill was stated to be $70.

Plaintiff testified that he took two signed copies of Dr. Callahan's letter to the office of the Chicago Transit Authority at 175 West Jackson boulevard and was advised to file the letter with the secretary; that he

440

then went to the secretary's office, left a signed copy of the letter and told them he wanted to file it; that he took the other signed copy and went to 79 West Monroe street, the office of the general attorney of the Chicago Transit Authority, and filed it there.

Defendant offered no rebuttal to any of this testimony. Its position is stated in its brief as follows:

"It is a matter of common knowledge that the proper place to serve Section 41 notices on defendant is at 600 W. Washington Street, Chicago, and it is interesting to note that the alleged notice was addressed to 600 W. Washington Street. We do not contend that if a notice in proper form were served on the Secretary at his actual office or on the General Attorney at his actual office, that such service would not be good. We concede that at the time plaintiff claims to have filed his alleged notice that the office of the General Attorney was at 79 W. Monroe, but even there plaintiff did not know to whom he talked and admitted he got no receipt. We do not concede that the office of the Secretary at the time plaintiff filed his alleged notice was in room 1551 at 175 W. Jackson, or anywhere on the 15th floor."

We think these objections to the filing of the notice without merit. The testimony is undisputed that notice was filed in the office of the secretary of the board and also in the office of the general attorney for the Authority. The document served informed the defendant of the name and address of the claimant, the date, time and location of the accident, the nature and extent of the injury, and the name of the attending physician. Whether it be called a letter or a notice is of no importance. There is no requirement under the statute that plaintiff obtain a receipt for the notice, nor is there any merit in defendant's contention that the court will take judicial notice of the proper place to serve notices. Furthermore it appears that defend-

441

ant received the document prepared by Dr. Callahan inasmuch as it produced it on the trial of the cause.

 One statutory requirement in the notice was lacking, namely, the address of the attending physician. In *Frey v. City of Chicago,* 330 Ill. 640, the court indicated that plaintiff must prove that the notice contained a correct address for the physician as well as for the plaintiff, and remanded the cause for a new trial so that such proof, if any, could be made. While the address of the attending physician is a statutory requirement, it is not jurisdictional, and it may, being for defendant's protection and convenience, be waived by the defendant. On the trial of the instant case no objection was made to the admission of the notice on the ground that it did not contain the doctor's address. The principal objection seemed to center around the method of service. Under the circumstances here specific objection should have been made to the notice on the ground that the doctor's address did not appear, if that omission were intended to be relied upon as invalidating the notice.

 In the letter which plaintiff's attorney sent to defendant three days after the notice from the doctor was served there was enclosed a statement for services from Dr. Callahan. This statement, which plaintiff insists contained the doctor's address, was not introduced in evidence, but had specific objection been made on the ground that the notice did not contain the doctor's address opportunity would have been afforded plaintiff to have offered this proof. The fact that the address was not contained in the doctor's notice but was enclosed in the letter from plaintiff's lawyer a few days later would not affect its validity where both were sent within the six-month statutory period and receipt by defendant established. *Lutsch v. City of Chicago,* 318 Ill. App. 156; *Teresta v. City of*

*New York* (N. Y.), 108 N. E. (2d) 397. In this connection we point out what was said in *McComb v. City of Chicago,* 263 Ill. 510, quoting with approval from another case: "'It was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants.'" In that case the notice described the place of injury as being in one place whereas the evidence showed the accident to have been at a different place in the same locality. In *Schmidt v. City of Chicago,* 284 Ill. App. 570, where an incorrect address of the physician was involved, the court quoted from the case of *Reule v. City of Chicago,* 268 Ill. App. 266, stating: "'It was not intended that such a notice should serve to entrap the plaintiff who had a meritorious cause of action if it was sufficiently definite.'" The court further stated:

"In all jurisdictions where similar statutes as to the notice to municipalities of claims on account of personal injuries are in force, they have been uniformly construed liberally, and substantial compliance has been held sufficient. The attending physician in this case was a well known practitioner in the city of Chicago, whose correct address was within three street numbers of the address stated in the notice and almost directly across the street from same. We think that the officers and investigators of the city of Chicago being men of common intelligence and understanding could have by the exercise of reasonable diligence and without further information from plaintiff ascertained the doctor's correct address, and, this being so, the notice was sufficient in that it fully answered the purpose of the statute."

The order of the county court complained of is reversed and the cause remanded for trial.

*Order reversed and cause remanded.*

ROBSON, P. J. and SCHWARTZ, J., concur.