L. A. Wasson, J. L. Pickering, and Olive Louise Evans, as Trustees of the C. M. Wasson Estate, Plaintiffs-Appellees, v. Insurance Company of North America, Defendant-Appellant.

Gen. No. 59–O–11.

Fourth District.

March 9, 1960.

Released for publication March 28, 1960.

Twente and Jelliffe, of Harrisburg, for defendant-appellant.

Arlie O. Boswell, Sr., of Harrisburg, for plaintiffs-appellees.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

This is a suit upon an insurance policy for alleged damage to an insured building caused by windstorm, and water damage to the interior from rain. The policy is a standard form of fire insurance policy with an endorsement providing coverage for damages resulting from windstorm. A verdict was returned for plaintiff by a jury and a judgment entered thereon in the sum of $1200 from which this appeal is taken.

There is no question that the policy was in force and that it did provide for coverage of windstorm damage, but it expressly excluded damage caused by rain, whether driven by wind or not "unless the buildings covered or containing the property covered shall first sustain an actual damage to roof or walls by the direct force of wind . . . and then shall be liable for loss to the interior of the buildings or the property covered therein as may be caused by rain . . . entering the buildings through openings in the roof or walls made by direct action of wind."

The complaint alleged the coverage of the policy and further alleged two types of damage (1) that the roof of the building had been damaged by windstorm, and (2) that the interior had been damaged by rain entering the dwelling through openings in the roof made by direct action of the wind. The answer admits there was some damage caused by windstorm, but not to the extent claimed, and specifically denied that there was any damage to the interior caused by rain entering the dwelling through openings in the roof or walls made by direct action of wind.

36

The complaint alleged damage to the roof to the extent of something more than $1,000 and interior damage from rain of nearly $900. The answer asserted that the admitted damage by windstorm "does not exceed $125."

As to the evidence, it was not disputed that there had been a violent wind followed by very heavy rain. Limbs and entire trees were caused to fall and there was much debris on plaintiff's roof, which was removed the next day.

The roof was described as flat, dead level, surrounded by a brick parapet over 30 inches high, crowned with a stone coping. In one corner there was an opening through the parapet, called a scupper, which permitted water to run out into a receiving head on the down spout.

It may be inferred from plaintiff's testimony that water came into the interior and caused damage, so that he had the expense of redecorating. Plaintiff's witness gave no indication of how the water got in. He said nothing about any opening in roof or walls caused by wind. He had a new roof put on but failed to mention what, if any, damage there was to the old one. There was not a scintilla of evidence for plaintiff of any damage caused by wind.

For the defense, the roofing contractor testified as to his inspection of the roof. He saw no fractures or holes, but the roof was not properly constructed. The flashing was carried up only a few inches, so that, during a rain of that intensity, water filled upon the roof higher than the flashing and ran in all around the walls. Other than this defect the only damage he mentioned was that the receiving head on the down spout was torn loose from the wall.

This witness testified he informed the plaintiff of the condition and recommended that the entire roof be replaced and the flashing be carried up the full height of the brick parapet, and flashed in under the stone

coping, and that the plaintiff hired him to do this job. Under the existing condition of the flashing, he stated that, even if there had been no wind, with a rain like that, the damage would have happened. None of this testimony is contradicted.

■ Upon a motion for directed verdict at the close of all the evidence and on motion for judgment notwithstanding the verdict, not only the evidence of plaintiff but also the uncontradicted evidence of defendant is to be considered. Gardner v. International Shoe Co., 386 Ill. 418, 54 N.E.2d 482. Dixon v. Smith-Wallace Shoe Co., 283 Ill. 234, 119 N. E. 265.

■ So far as construction of the policy of insurance is concerned we must hold that the provision is plain and not in any way ambiguous. Damage from rain is not covered unless the rain enters through a hole in the roof or walls caused by windstorm. The defendant cites a number of cases from other jurisdictions where similar policies have been so construed. Brindley v. Firemen's Ins. Co. of Newark, 35 N. J. S. 1, 113 A.2d 53; Travelers Fire Ins. Co. v. Taylor, 171 F.2d 203, (Tex. 1948); Parish v. County Fire Ins. Co., 134 Neb. 563, 279 N. W. 170, 126 A. L. R. 703; Camden Fire Ins. Ass'n v. New Buena Vista Hotel Co., 24 So.2d (Miss.) 848; Cotton Bros. v. Home Ins. Co. of N. Y., 84 So. (La.) 792. The plaintiffs' brief cites nothing to the contrary.

■ The evidence of damage to the down spouting is extremely vague and there is no evidence of the cost of having it repaired, if any. It follows that there was no testimony to support the charge in the complaint that the roof was damaged by windstorm, and no evidence to support the charge that rain water had entered through openings caused by windstorm.

As noted, the defendant's answer admitted there was a small amount of damage by windstorm. The roofing contractor testified that he could have replaced the

old roof with one of the same type but without improvement in the flashing, at a cost of $386.70. Defense counsel, in their reply brief, state that while denying that plaintiffs are legally entitled thereto, the defendant desires to be more than fair with plaintiffs, and is willing to have a judgment entered against it for the $386.70. Accordingly, the judgment of the circuit court is reversed and judgment entered in this court against defendant for the sum of $386.70. Costs in this court are taxed against appellee.

Judgment reversed. Judgment here for $386.70.

CULBERTSON and HOFFMAN, JJ., concur.